NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-842

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 379549

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (board) as a level three sex offender. His primary argument is that the hearing examiner erred in considering factor 24, which addresses participation in sex offender treatment. Doe further argues that the remaining properly-applied factors do not support the classification, and that the board's conclusion that his risk of dangerousness and reoffense justifies Internet publication of his registry information is not supported by substantial evidence. We affirm.

Background. Doe's predicate offense occurred on May 17, 2012. At approximately midnight, he and three other men broke into the victim's home. All four men were masked, and Doe was

carrying a gun. The men stole cash and jewelry, tied up and beat the victim's brother, and attacked the victim's mother and her companion. At one point during the criminal episode, Doe went upstairs, forced open the victim's bedroom door, pushed the victim to the floor, and sexually assaulted her. Based on the police report, the hearing examiner stated: Doe "put his hands all over her, pulled down her pants, and inserted what she believed to be a pen into the Victim's vagina." Doe subsequently pleaded guilty to aggravated rape, among other offenses including armed robbery while masked and home invasion.

In addition to the predicate sexual offense described above, Doe has a lengthy criminal history, which includes convictions for assault and battery, for resisting arrest, and multiple convictions for violating abuse prevention orders. The victim of many of these offenses was Doe's then fifteen year old girlfriend. While incarcerated, Doe continued to engage in criminal conduct and received disciplinary reports for threatening and harassing other inmates, for assault and battery, and for assaulting a mentally disabled inmate. Doe participated, to some limited extent, in sex offender counseling while in prison but declined a transfer to the Massachusetts Treatment Center to receive additional treatment.

The board notified Doe while he was still serving his sentence of its recommendation that he be classified a level

2

three offender.  He challenged the board's decision and received a de novo hearing.  At that hearing, although Doe had pleaded guilty to aggravated rape, he denied that he had committed a sexual offense.  He claimed that he was conducting a "body cavity search" for drugs.  The hearing examiner did not accept Doe's characterization, and after considering the applicable risk-aggravating, mitigating, and other regulatory factors, she concluded that Doe presented a high risk of reoffense and high degree of dangerousness, and that public dissemination of his registry information would serve a valuable public safety purpose.

In reaching her conclusions, the hearing examiner "considered" the following risk-aggravating factors:  factor 7 (extrafamilial victim); factor 8 (weapons and violence); factor 10 (contact with criminal justice system); factor 12 (behavior while incarcerated); factor 15 (hostility toward women); and factor 24 (less than satisfactory participation in sex offender treatment).  Additionally, she deemed factor 19 (high level of physical contact) to indicate an "increased degree of dangerousness."  Further, the hearing examiner gave "minimal weight" to factor 13 (noncompliance with community supervision).  The hearing examiner also found that various mitigating factors applied.  She gave "moderate weight" to factor 28 (supervision by probation or parole), "consider[ed]" factor 33 (home

3

situation and support systems), and gave "minimal weight" to factor 34 (materials submitted to SORB regarding stability in the community).  Lastly, she found factor 37 (other information relating to nature of sexual behavior, mostly scholarly articles) "interesting" but of little utility.  As noted, Doe sought judicial review pursuant to G. L. c. 30A, § 14, and G. L. c. 6, § 178M, and a judge of the Superior Court affirmed the board's decision.

Discussion.  "We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).  Our review of the board's decision is limited, and we will not disturb the board's classification unless "we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011).  In reviewing the board's decision, "we 'give due weight to [its] experience, technical competence, and specialized knowledge.'" Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), quoting Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013).

Doe first contends that the hearing examiner improperly applied factor 24 (less than satisfactory performance in sex offender treatment). As the board correctly notes in its brief, Doe failed to raise this argument below and therefore it is waived. See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 56 (2010).

Next, Doe also argues that the decision to classify him as a level three offender is not supported by substantial evidence and was arbitrary and capricious. He claims that the hearing examiner employed a mechanical, "checklist" approach, rather than conducting a thorough analysis of the applicable regulatory factors. To the contrary, our review of the record and the detailed classification decision leads us to conclude that the hearing examiner engaged in the required qualitative and objective review that balanced all the relevant risk-aggravating and mitigating factors. The evidence fully supported the

application of the risk factors on which the hearing examiner relied.  It also supports Internet dissemination of Doe's registration information.

Judgment affirmed.

By the Court (Vuono, Rubin & Smyth, JJ.[1]),

<em>Anne M. Thomas</em>

Assistant Clerk.

Entered:  February 15, 2024.

---

[1] The panelists are listed in order of seniority.